UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
KEVIN GRIFFIN, :
:
                Petitioner, :
: 06 Civ. 14217 (GEL)
  -against- :
: **OPINION AND ORDER**
NEW YORK STATE DEPARTMENT :
OF CORRECTIONS, :
:
                Respondent. :
:
------------------------------------------------------------x

Gary Greenwald and Lisa M. Cobb, Greenwald Law Offices, Chester, New York, for Petitioner.

Francis D. Phillips, II, District Attorney, Orange County, Goshen, New York (Andrew R. Kass and Daniel M. Reback, Assistant District Attorneys, of counsel), for Respondent.

GERARD E. LYNCH, District Judge:

      Kevin Griffin, a New York State prisoner, petitions for a writ of habeas corpus to challenge his conviction for several crimes including the murder of Timothy Ruiz. Since neither of his claims has merit, the petition will be denied.

      A jury convicted Griffin, a former police officer in Orange County, of murder after hearing an overwhelming case, including extensive evidence that Griffin resented and harassed Ruiz on account of Ruiz's relationship with his former girlfriend, that Ruiz was killed by a bullet from a .22-caliber Marlin rifle like one found behind a shelving unit in Griffin's basement, and that Griffin had made a full confession to the police, after initially falsely denying that he owned or had access to such a weapon. Griffin now argues that his conviction was constitutionally

tainted, because the search warrant that led to the seizure of the rifle was issued without probable cause in violation of the Fourth Amendment, and because the judge erroneously failed to give a "circumstantial evidence charge" in violation of the Sixth Amendment.  Neither argument warrants granting the writ.

As the Supreme Court held a generation ago, Fourth Amendment challenges are not cognizable on habeas corpus if the petitioner was afforded an opportunity for a full and fair litigation of the issue before the state courts.  Stone v. Powell, 428 U.S. 465, 482 (1976).  Claims that evidence was unconstitutionally seized are reviewable on habeas only when "the state court has failed to provide corrective procedures" adequate to address search and seizure issues, or when "the defendant was precluded from using the procedures provided by the state due to an unconscionable breakdown in the underlying process."  Capellan v. Reilly, 975 F.2d 67, 70 (2d Cir. 1992).

New York unquestionably affords the requisite corrective procedures to redress Fourth Amendment challenges.  N.Y. Crim. Proc. Law § 710.10 et seq. (permitting a criminal defendant to file a pre-trial motion to suppress any evidence unlawfully seized).  The courts in this circuit have expressly approved New York's procedure for litigating Fourth Amendment claims as being facially adequate.  See Capellan, 975 F.2d at 70 n.1, quoting Holmes v. Scully, 706 F.Supp. 195, 201 (E.D.N.Y. 1989); see also Gates v. Henderson, 568 F.2d 830, 837 n.4 (2d Cir. 1977).  These procedures were not merely theoretically available to Griffin – he used the available corrective procedures when he moved to suppress the evidence derived from the search warrant.  Griffin's argument was considered by both the trial court and the Appellate Division.  The trial court ruled that

> [t]his Court has reviewed the search warrant and finds that it was issued upon an application which set forth facts which establish probable cause to search the locations and person set forth in the warrant.

(Resp. Ex. 5 at 62.)  The Appellate Division affirmed, holding that

> [c]ontrary to the defendant's contention, the Supreme Court properly denied, without a hearing, that branch of his omnibus motion which was to suppress evidence seized pursuant to a search warrant.  The affidavit upon which the warrant was issued contained information sufficient to support a reasonable belief that evidence of illegal activity would be present at the premises to be searched.

People v. Griffin, 816 N.Y.S.2d 86, 86-87 (2d Dep't 2006).

Griffin argues that there was an "unconscionable breakdown of the process" because the trial court rejected his argument without an evidentiary hearing.  (P. Reply Mem. 3.)  But Griffin provides no explanation of why a hearing would be valuable or what evidence he would have offered had a hearing been provided.  Essentially, his motion made a facial attack on the sufficiency of the information in the warrant application to establish probable cause.  Such a motion does not require an evidentiary hearing, or detailed factual findings; it simply raises a question of law – the adequacy of the probable cause showing – to be decided by evaluating the information in the record.  That Griffin disagrees with the state courts' conclusion does not mean that there has been a breakdown of the process.

Nor was the trial court required to give an instruction regarding circumstantial evidence. Challenges to state court jury instructions are not reviewable on habeas corpus absent a showing that the alleged errors were so serious as to have deprived the defendant of a fair trial.  Cupp v. Naughten, 414 U.S. 141, 146 (1973).  Here, however, there was no such error at all.  There is no constitutional right to a special jury instruction when a case is founded on circumstantial

evidence. Holland v. United States, 348 U.S. 121, 139-40 (1954). To the contrary, as a matter of federal constitutional law, circumstantial evidence is no different than direct evidence; so long as the jury is satisfied of guilt beyond a reasonable doubt, the type of evidence that convinces the jurors is immaterial. Id. at 140. Although state law provides for a separate circumstantial evidence charge under certain circumstances, a claim of error under state law may not be addressed on habeas corpus, and in any event the Appellate Division ruled that the refusal of the instruction was correct under state law:

> in light of the direct evidence of the defendant's guilt, including his own statements to the police, the court properly declined to give the jury a circumstantial evidence charge.

816 N.Y.S.2d at 87.

Accordingly, for the reasons stated, the petition for a writ of habeas corpus is denied. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000).

SO ORDERED.

Dated: New York, New York
May 2, 2007

_____
GERARD E. LYNCH
United States District Judge